818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wyatt CHAMP, Plaintiff-Appellant,
v.
Norma GLUCKSTERN, Director, Defendant-Appellee.
 No. 87-6507.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1987.
Decided May 11, 1987.
 
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 Wyatt Champ, appellant pro se.
 Stephen Howard Sachs, Attorney General; Rex Charles Schultz, Assistant Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 Wyatt Champ, a Maryland inmate, appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint. Champ challenged in his complaint Patuxent Institute Regulation (PIR) 110-1, pursuant to which he was placed in administrative segregation on April 26, 1985. He maintained that the regulation created a liberty interest, and that he was not afforded the due process protections that attach to that liberty interest. The district court found that PIR 110-1 does not create a protected interest, and so did not address the due process issue.
 
 
 2
 Because we believe that the regulation uses sufficiently explicit "mandatory language in connection with requiring specific substantive predicates" to create a liberty interest, see Hewitt v. Helms, 459 U.S. 460, 472 (1983), we vacate the judgment below. We remand the case for a determination of whether Champ received the process due him under Hewitt.
 
 
 3
 In this case, the "specific substantive predicates" prong of the Hewitt test is met because the regulation governs placement in administrative segregation of an inmate who "expresses repeated violent behavior or potentially violent behavior." PIR 110-1; Hewitt v. Helms, 459 U.S. at 472. Champ was transferred to administrative segregation when the Patuxent director accepted the recommendation of three associate directors of Patuxent that Champ be transferred. Their recommendation was based on, among other things, "Champ's aggressive, assaultive behavior."
 
 
 4
 The "repeated use of explicitly mandatory language" prong of Hewitt, see 459 U.S. at 472, also is satisfied. PIR 110-1 mandates that the associate directors recommend segregative placement and that the director approve the recommendation, requires weekly review of a segregated inmate's classification, and states that the inmate must be notified in writing of the reasons for his being on administrative segregation.
 
 
 5
 Having concluded that PIR 110-1 creates a protected liberty interest, we next address whether Champ was afforded the process due him under Hewitt. Hewitt requires only that: (1) an inmate be given an opportunity to present his side to the officials deciding whether he should be transferred to administrative segregation; and (2) written notice of the reasons for the transfer. 459 U.S. at 476. It is unclear from the record whether or when Champ was given a chance to present his position to prison officials. He did receive a copy of the recommendation two days after his transfer.
 
 
 6
 We remand the case to the district court for a determination of whether Champ received the two due process protections guaranteed under Hewitt. As the dispositive issues recently have been authoritatively decided, we dispense with oral argument.
 
 
 7
 VACATED AND REMANDED.